IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**In re JEFFREY WATSON POTTER**
    **Debtor,**

**MARTIN S. FRIEDLANDER,**
    **Appellant,**

**vs.**                                  **No. 08-CV-455 JB/ACT**

**BANK OF AMERICA, N.A., LA VISTA**
**HOMEOWNER'S ASSOCIATION,**
**YVETTE J. GONZALES, Chapter 7 Trustee,**
**JEFFERY WATSON POTTER,**
**UNITED STATES TRUSTEE, et. al.,**
    **Appellees.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON BANKRUPTCY APPEAL

**THIS MATTER** comes before the Court on Appellant Martin S. Friedlander's appeal of several decisions of the United States Bankruptcy Court for the District of New Mexico. Currently before the Court is Appellee La Vista Homeowners' Association's Motion to Dismiss Appeal of Five Orders as Untimely. [Doc. No. 5]. Appellee's motion was filed on May 22, 2008. No response was filed by Appellant. Appellee filed a notice of completion of briefing on June 10, 2008. [Doc. No. 5].

On April 20, 2008, Appellant Martin S. Friedlander filed a Notice of Appeal from the Following Orders (DOC 681, 680, 676, 675, 660, 659, 602, 598, 597, 596, AND 565). [Doc. No. 1, Attachment No. 1]. Friedlander's appeal challenges eleven rulings of the United States Bankruptcy Judge in the matter of *In re Jeffery Watson Potter,* No. 11-05-14071-m7, United States Bankruptcy Court for the District of New Mexico. Pursuant to 28 U.S.C. § 158, Friedlander elected to have his appeal heard by this Court rather than the United States Bankruptcy Panel. The case was referred to the undersigned Magistrate Judge for analysis and recommended disposition pursuant to 28 U.S.C. § 636(b)(1).

In their motion to dismiss, Appellee La Vista Homeowners' Association ("La Vista") requests an order dismissing Friedlander's Notice of Appeal with respect to five of the orders from which this appeal was

taken. For the reasons given below, the Court recommends that La Vista's Motion to Dismiss be granted and that the appeal as to the five orders at issue in La Vista's motion be dismissed for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On April 20, 2008, Appellant filed a Notice of Appeal from eleven orders entered by the Bankruptcy Court. Five of those orders are the subject of the motion to dismiss filed by La Vista:

> 1. Order Denying Martin S. Friedlander's Verified Motion for Ex Parte Relief From Automatic Stay Pursuant to Bankruptcy Rule 4001(a)(2), filed on October 31, 2007. [Doc. 565 in *In re Jeffery Watson Potter,* No. 11-05-14071-m7, United States Bankruptcy Court for the District of New Mexico (which proceeding will hereinafter be cited as 11-05-14071-m7)].
>
> 2. Order Denying Motion To Remove Trustee, filed November 29, 2007. [Doc. No. 596 in 11-05-14071-m7].
>
> 3. Order Denying Martin S. Friedlander's Motion To Compel Abandonment Of Assets, filed November 29, 2007. [Doc. No. 597 in 11-05-14071-m7].
>
> 4. Order Denying Jeffery W. Potter's Motion To Compel Abandonment of Assets, filed November 29, 2007. [Doc. No. 598 in 11-05-14071-m7].
>
> 5. Order Denying Motions For Reconsideration Of Order Denying Martin S. Friedlander's Verified Motion For Ex Parte Relief From Automatic Stay, filed November 30, 2007. [Doc. No. 602 in 11-05-14071-m7].

La Vista argues that Friedlander's Notice of Appeal is untimely and must be dismissed with respect to the five orders that were entered in 2007. [Doc. No. 5]. La Vista further argues that three of the orders, Docket Numbers 596, 597 and 598, are interlocutory in nature and require not only a timely notice of appeal but also leave of court to appeal. *Id.* No response was filed to La Vista's motion to dismiss by Appellant or any other party. La Vista filed a notice of completion of briefing on June 10, 2008. [Doc. No. 7]. This matter is now ready for ruling.

LEGAL ANALYSIS

2. Under Federal Rule of Bankruptcy Procedure 8001(a), appeals from judgments, orders or decrees of a bankruptcy judge may be taken to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) and in compliance with Fed.R.Bankr.P. 8002.  Rule 8002(a) requires that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

3. The Court has no jurisdiction without a timely notice of appeal. *In re Weston*, 18 F.3d 860 (10th Cir. 1994).  "The requirement for a timely filed notice of appeal is mandatory.  In its absence we must dismiss the appeal." *Weston,* 18 F.3d at 862, *citing, In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992)(appeal filed one day late dismissed for lack of jurisdiction).

4. The orders at issue in La Vista's motion to dismiss were all filed in October and November of 2007.  Friedlander filed his notice of appeal on April 20, 2008.  The Court has no jurisdiction to hear Friedlander's appeal of the five orders entered in 2007 and recommends that the Friedlander's notice of appeal as to those five orders be dismissed.

CONCLUSION

The Court recommends that Appellee La Vista Homeowners' Association's Motion to Dismiss Appeal of Five Orders as Untimely be granted and that Appellant Martin S. Friedlander's Notice of Appeal as to Docket Numbers 565, 596, 597, 598, and 602 be dismissed for lack of jurisdiction.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1).  A party must file any objections within the ten

(10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Alan C. Torgerson**
**UNITED STATES MAGISTRATE JUDGE**