IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**In re JEFFREY WATSON POTTER,**

    **Debtor,**

**MARTIN S. FRIEDLANDER**,

    **Appellant,**

vs.                                                                                      Civ. No. 08CV455 JB/ACT

**BANK OF AMERICA, N.A., LA VISTA
HOMEOWNER'S ASSOCIATION,
YVETTE J. GONZALES, Chapter 7 Trustee,
JEFFERY WATSON POTTER,
UNITED STATES TRUSTEE, et al.,**

    **Appellees.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Bank of America's Motion to Dismiss Portions of Appeal ("Motion") filed June 24, 2008 [Doc. 8]. On July 8, 2008, Bank of America filed a Notice of Completion of Briefing stating that no timely response has been filed [Doc. 10]. On August 7, 2008, forty-four (44) days after Bank of America filed its Motion to Dismiss and thirty (30) days after Bank of America filed its Notice of Completion of Briefing with the Court Martin S. Friedlander ("Friedlander") filed a response. Although Friedlander's response is untimely, the Court will address the merits of the Motion.

This case was referred to the undersigned United States Magistrate Judge on May 14, 2008, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1) [Doc. 4]. Having considered the pleadings and the relevant law, the Court recommends the Motion to Dismiss be granted.

### **PROPOSED FINDINGS**

1. On March 19, 2008, the Bankruptcy Court entered Orders granting Bank of America's and La Vista Homeowner's Association's Motions for Relief [Bankruptcy Doc. 659, 660]. A bankruptcy court order "granting or denying a creditor relief from an automatic stay, even though the bankruptcy litigation will continue as a whole, is final and appealable." *In re Gianakas*, 112 B.R. 737, 740 (W.D. Pa. 1990), *aff'd* 917 F.2d 759, (3rd Cir. 1990); *In re Mettlen*, 174 B.R. 822 (D. Kan. 1994). Both Orders granted relief from the automatic stay and therefore are final orders for purposes of appeal. *Id.*

2. Friedlander's Notice of Appeal from these Orders was filed on April 20, 2008 [Bankruptcy Doc. 684].

3. Pursuant to Bankruptcy Rule 8001(a), appeals from judgments, orders or decrees of a bankruptcy judgment may be taken to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) within the time allowed by Bankruptcy Rule 8002. Fed.R.Bankr.P. 8001(a). Bankruptcy Rule 8002(a) provides that "the notice of appeal shall be filed with the clerk within ten days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). Bankruptcy Rule 8002(b) provides that the time for appeal may be extended if a motion is filed:

> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

       (2)      to alter or amend the judgment under Rule 9023;
       (3)      for a new trial under Rule 9023; or
       (4)      for relief under Rule 9024 if the motion is filed no later than ten days after entry of judgment.

Fed.R.Bankr.P. 8002(b).

4. On March 28, 2008, Bank of America filed a "Motion for an Order Confirming Continued Application of Bankruptcy Stay and for Sanctions against Creditor Martin Friedlander" [Bankruptcy Doc. 665, 666], and Friedlander filed a "Motion for Clarification" [Bankruptcy Doc. 668]. On April 2, 2008, Friedlander filed a "Supplement to Motion for Clarification" [Bankruptcy Doc. 670].

5. A review of the three pleadings demonstrates that the parties were requesting the Court to explain the Orders at issue in this Motion. The pleadings do not ask the court to amend or alter the Orders at issue. Thus, these pleadings did not extend the time to appeal.

6. The Court has no jurisdiction without a timely notice of appeal. *In re Weston,* 18 F.3d 860 (10th Cir. 1994). "The requirement for a timely filed notice of appeal is mandatory. In its absence we must dismiss the appeal." *Weston*, 18 F.3d at 862, citing *In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992) (appeal filed one day late dismissed for lack of jurisdiction).

7. The Notice of Appeal with respect to the Orders at issue, i.e., Order Granting Bank of America's Motion for Relief from Stay [Bankruptcy Doc. 659] and Order Granting La Vista Homeowner's Association's Motion for Relief from Stay [Bankruptcy Doc. 660], is not timely. The Court finds that it does not have juridiciton to hear these matters and recommends that Friedlander's Notice of Appeal as to these Orders be dismissed with prejudice.

### **RECOMMENDED DISPOSITION**

I recommend that Bank of America's Motion to Dismiss Portions of Appeal be granted and that Martin S. Friedlander's Notice of Appeal as to the Order Granting Bank of America's Motion for Relief from Stay and the Order Granting La Vista Homeowner's Association's Motion for Relief from Stay [Bankruptcy Docs. 659 and 660] be dismissed for lack of jurisdiction.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**