IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**In re JEFFREY WATSON POTTER,**

       **Debtor,**

**MARTIN S. FRIEDLANDER**,

       **Appellant,**

vs.                                           Civ. No. 08CV455 JB/ACT

**BANK OF AMERICA, N.A., LA VISTA**
**HOMEOWNER'S ASSOCIATION,**
**YVETTE J. GONZALES, Chapter 7 Trustee,**
**JEFFERY WATSON POTTER,**
**UNITED STATES TRUSTEE, et al.,**

       **Appellees.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Chris W. Pierce's ("Pierce") Motion to Dismiss Portions of Appeal as Untimely filed July 2, 2008 [Doc. 9]. On July 17, 2008, Pierce filed a Notice of Completion of Briefing stating that no timely response has been filed [Doc. 12]. On August 7, 2008, thirty (30) days after Pierce filed his Motion to Dismiss, Martin S. Friedlander ("Friedlander") filed a response. Although Friedlander's response is untimely, the Court will address the merits of the Motion.

This case was referred to the undersigned United States Magistrate Judge on May 14, 2008, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1) [Doc. 4].  Having considered the pleadings and the relevant law, the Court recommends that the Motion to Dismiss be granted.

## PROPOSED FINDINGS

1.	Friedlander filed a Statement of Issues on Appeal on April 27, 2008 [Bankruptcy Doc. 690].  Pierce asserts that the issues in Paragraphs 16-19 and 31 are related to Pierce's "representation of Debtor Potter between May 25, 2005, and May 18, 2006, and were disposed of by the Bankruptcy's Court's Order on the fee application," filed June 4, 2007, "Order Granting in Part, and Denying, in Part, Application by Davis & Pierce, P.C. for Allowance and Payment of Fees and Costs for the Period of May 25, 2005 through May 18, 2006" [Bankruptcy Doc. 394].  Motion at 2.

2.	Friedlander's Notice of Appeal from these Orders was filed on April 20, 2008 [Bankruptcy Doc. 684].  Friedlander did not designate Bankruptcy Doc. 394 in his Notice of Appeal. [Bankruptcy Doc. 684].

3.	Pursuant to Bankruptcy Rule 8001(a) appeals from judgments, orders or decrees of a bankruptcy judgment may be taken to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) within the time allowed by Bankruptcy Rule 8002. Fed.R.Bankr.P. 8001(a).  Bankruptcy Rule 8002(a) provides that "the notice of appeal shall be filed with the clerk within ten days of the date of the entry of the judgment, order, or decree appealed from."  Fed.R.Bankr.P. 8002(a).

4.	The Court has no jurisdiction to hear this matter without a timely notice of appeal. *In re Weston,* 18 F.3d 860 (10th Cir. 1994).  "The requirement for a timely filed notice of appeal is

mandatory. In its absence we must dismiss the appeal." *Weston*, 18 F.3d at 862, citing *In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992) (appeal filed one day late dismissed for lack of jurisdiction).

     5.     The order awarding Pierce fees is a final order.[1] *Iannochino v. Rodolakis*, 242 F.3d 36, 44 (1st Cir. 2001). Friedlander did not appeal the fee award. To the extent that paragraphs 16-19 and 31 of Friedlander's Statement of Issues on Appeal are an appeal of the Bankruptcy Court's fee award, "Order Granting in Part, and Denying, in Part, Application by Davis & Pierce, P.C. for Allowance and Payment of Fees and Costs for the Period of May 25, 2005 through May18, 2006" [Bankruptcy Doc. 394], these issues should be stricken from the Statement of Issues on Appeal.

### RECOMMENDED DISPOSITION

I recommend that Chris W. Pierce's Motion to Dismiss Portions of Appeal as Untimely [Doc. 9] be granted to the extent that paragraphs 16-19 and 31 of Friedlander's Statement of Issues on Appeal are an appeal of the Bankruptcy Court's "Order Granting in Part, and Denying, in Part, Application by Davis & Pierce, P.C. for Allowance and Payment of Fees and Costs for the Period of May 25, 2005 through May 18, 2006 [Bankruptcy Doc. 394].

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

---

[1] An Order granting Pierce's Motion to Withdraw as Attorney of Record was entered on May 22, 2006 [Bankruptcy Doc. 190].

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**